# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                2:16-cr-01601 RB-3

OSCAR GARCIA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Oscar Garcia's Motion to Withdraw his Plea of Guilty. (*See* Doc. 129.) Having reviewed the accompanying briefing and being otherwise fully advised, the Court will deny the Motion.

**I.  PROCEDURAL POSTURE**

Defendant is facing multiple charges related to the trafficking of methamphetamine and money laundering. (*See* Docs. 3; 104.) On April 21, 2016, a grand jury returned an Indictment against Defendant, charging: in Count 1, Conspiracy to Possess with the Intent to Distribute 500 Grams and More of a Mixture and Substance Containing Methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), in violation of 21 U.S.C. § 846; in Count 7, Possession with Intent to Distribute 500 Grams and More of a Mixture and Substance Containing Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); in Count 8, Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h); and in Count 9, Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). (Doc. 3.)

On October 7, 2016, Defendant appeared before Honorable Stephan Vidmar, United States Magistrate Judge, for change of plea and pled guilty to a two count Information charging

in Count 1, Conspiracy to Possess with Intent to Distribute 500 Grams and More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and in Count 2, Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h). (Docs. 104; 132.) Judge Vidmar presented Defendant's plea colloquy and accepted Defendant's plea of guilty as to these counts, but deferred final acceptance of the plea agreement to the District Judge. (Doc. 132 at 16.)

On July 12, 2017, Defendant filed a Motion to withdraw his plea of guilty. (Doc. 129.) The Government filed its response opposing the motion on July 26, 2017. (Doc. 133.)

II. **FACTUAL ALLEGATIONS**

Prior to commencing the present case, the Government conducted a three-month wiretap operation in cooperation with one of defendant's alleged co-conspirators. (Doc. 133 at 9, 16.) As a result of this investigation, the Government alleges that evidence establishes the following facts concerning the counts to which Defendant pled guilty:

As to Count One, the Government contends that from June 1, 2015, until May 19, 2016, in Luna County in the District of New Mexico and elsewhere, the defendant conspired with others to distribute methamphetamine. (Doc. 132 at 14.) During that timeframe, the defendant used a smuggled cell phone from his prison cell in Oklahoma and arranged for the distribution of approximately 4.5 kilograms of a mixture and substance containing methamphetamine. (*Id*.) The methamphetamine was in fact distributed to others in Deming, New Mexico. (*Id*.)

As to Count Two, the Government contends that from February 8, 2016, until February 10, 2016, Defendant committed money laundering. (*Id*.) Specifically they allege that during that timeframe, Defendant made arrangements for someone to travel from Arizona to Deming, New Mexico to pick up drug proceeds and to deliver the drug proceeds to a co-conspirator.

(*Id.*) He knew that the drug proceeds would travel across state lines and be paid to a drug trafficking co-conspirator with the intent to promote the carrying on of his illegal drug trafficking activities. (*Id.*)

### III. LEGAL STANDARD TO WITHDRAW PLEA UNDER RULE 11

Rule 11 of the Federal Rules of Criminal Procedure controls the circumstances and standards under which a Defendant may withdraw a plea of guilty. A significant factor in determining the ease with which a plea may be withdrawn is whether or not the plea has been accepted by the Court. Before the District Court accepts the plea, a defendant may withdraw a guilty plea for any reason or for no reason. Fed. R. Crim. P. 11(d)(1). Under this standard, a District Court is without discretion to deny a pre-acceptance withdrawal of a plea. *United States v. Arami*, 536 F. 3d 479, 483 (5th Cir. 2008); *United States v. Jones*, 472 F. 3d 905, 908 (D.C. Cir. 2007).

By contrast, once a felony guilty plea has been accepted, but before sentence has been imposed, a defendant must provide a "fair and just reason" for allowing them to withdraw their plea. Fed. R. Crim. P. 11(d)(2). Under this standard, the Tenth Circuit has identified the following factors to guide a court's decision on whether a fair and just reason exists: (1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, (7) waste of judicial resources, and (8) the likelihood of conviction. *See United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007); *United States v. Carr*, 80 F.3d 413, 421 n.5 (10th Cir. 1996). Of these factors, the most important are those which speak to the reason for withdrawal, including: whether the defendant

asserted his innocence, whether the defendant's guilty plea was knowing and voluntary, and the assistance of his counsel. *Hamilton*, 510 F.3d at 1217.

IV. **ANALYSIS: MOTION TO WITHDRAW PLEA**

In seeking withdrawal of his plea, Defendant first contends that Judge Vidmar did not have the authority to accept Defendant's guilty plea under Article III of the Constitution and the Federal Magistrate Act, 28 U.S.C. § 636, and that, therefore, he may withdraw his guilty plea for any reason. (Doc. 129 at 3–7.) In the alternative, Defendant argues that even if a magistrate judge does have the authority to accept a felony guilty plea, fair and just reasons exists to withdraw it. (*Id.* at 7–8.) Specifically, Defendant asserts his innocence regarding the crimes to which he pled guilty and claims that he did not knowingly enter into his plea. (*Id.*)

**A. Authority of a Magistrate Judge to Accept a Guilty Plea**

Article III of the United States Constitution vests authority in an independent judiciary in order to preserves the separation of powers and safeguard the rights of litigants. *See United States v. Will*, 449 U. S. 200, 218 (1980). Pursuant to these purposes, a defendant has a constitutional right to demand an Article III judge at every critical stage of a felony trial. *Peretz v. United States,* 501 U. S. 923, 929–30 (1991). However, in order to promote judicial efficiency, Congress has authorized federal District Courts to appoint United States Magistrate Judges. 28 U.S.C. § 631. These Judges are given explicit statutory authority to perform a myriad of civil and criminal functions as well as additional residuary power to preside over court proceedings with the consent of the parties. 28 U.S.C. § 636 (b)(3).

The pertinent question in this case is whether Article III allows a federal Magistrate Judge, with the consent of the parties, to accept a guilty plea on behalf of the District Court under Rule 11. This nuanced constitutional question is subject to a split of authority among the

federal Circuit Courts of Appeal. As noted by Defendant, several Circuits have indeed held that a criminal Defendant's constitutional rights mean that a guilty plea can be accepted only by an Article III District Judge. *See*, *e.g.*, *Arami*, 536 F. 3d at 483; *United States v. Davila-Ruiz*, 790 F. 3d 249, 251 (1st Cir. 2015). However, binding precedent from our Circuit has reached the opposite conclusion. The Tenth Circuit has held explicitly that "[m]agistrate judges have the authority to conduct plea hearings and accept guilty pleas." *United States v. Salas-Garcia*, 698 F.3d 1242, 1253 (10th Cir. 2012); *see also United States v. Ciapponi*, 77 F.3d 1247, 1251 (10th Cir. 1996) ("[W]e hold that, with a defendant's express consent, the broad residuary 'additional duties' clause of the Magistrates Act authorizes a magistrate judge to conduct a Rule 11 felony plea proceeding, and such does not violate the defendant's constitutional rights"); *United States v. Gonzales*, No. CR 14-1760-003 RB, 2015 WL 12859404, at *3 (D.N.M. Apr. 13, 2015). Further, the Tenth Circuit has held that a guilty plea is considered accepted by the District Court for purposes of Rule 11 following a plea colloquy, even if a magistrate judge defers a final decision on acceptance. *See Salas-Garcia*, 698 F.3d at 1253; *United States v. Byrum*, 567 F.3d 1255, 1262 (10th Cir. 2009); *United States v. Blattner*, 195 F. Supp. 3d 1205, 1234 (D.N.M. 2016).

In this case, Defendant consented to proceed before a United States Magistrate Judge, appeared before the Hon. Judge Vidmar, received a plea colloquy, and pled guilty to two counts. (*See* Docs. 104; 106; 132.) Accordingly, Defendant's guilty plea was accepted by the District Court for purposes of Rule 11 and withdrawal of this plea is not a matter of right, but must instead be supported by a fair and just reason. *See Salas-Garcia*, 698 F.3d at 1253; Fed. R. Crim. P. 11(d)(2).

### B. Whether a Fair and Just Reason Allows Withdrawal of a Guilty Plea

To determine whether a fair and just reason exists to allow Defendant to withdraw his guilty plea, the Court first addresses the following factors: whether the defendant asserted his innocence, whether the defendant's guilty plea was knowing and voluntary, and the assistance of his counsel. *Hamilton*, 510 F.3d at 1217. If the Court finds the reason for withdrawal to be legitimate, it must next evaluate the additional relevant factors, including: prejudice to the government, delay in filing defendant's motion, inconvenience to the court, waste of judicial resources, and the likelihood of conviction. *Id.* at 1214; *Carr*, 80 F.3d at n.5.

   *i.     Whether Defendant Asserted his Innocence*

It is undisputed that, in seeking to withdraw his plea, Defendant has asserted that he "believes he did not commit the offense." (Doc. 129 at 8.) However, the Tenth Circuit has held that "mere assertion of a legal defense is insufficient; the defendant must present a credible claim of legal innocence." *Hamilton*, 510 F.3d at 1214; *United States v. Coates*, 483 F. App'x. 488, 493 (10th Cir. 2012). Defendant has presented no credible evidence or explanation supporting his innocence. On the contrary, Defendant explicitly admitted at his plea agreement that a factual basis exists for the assertion that he conspired to distribute approximately 4.5 kilograms of a methamphetamine mixture from his jail cell in Oklahoma, using a smuggled cell phone. (Doc. 129 at 3–4.) Accordingly, Defendant's threadbare assertion of innocence in his motion will not satisfy this factor or allow him to withdraw his plea. *See Byrum*, 567 F.3d at 1264 (holding that defendant's "subjective belief in his own innocence does not mandate allowing him to withdraw a plea of guilty.")

## ii. Whether Defendant's Guilty Plea was Knowing and Voluntary

To enter a plea that is knowing and voluntary, a defendant must have "a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). "[T]he 'knowing and voluntary' inquiry focuses on whether [a defendant] in fact did understand the proceedings. *Allen v. Mullin*, 368 F.3d 1220, 1240 (10th Cir. 2004). The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *United States v. Sanchez-Leon*, 764 F.3d 1248, 1259 (10th Cir. 2014) (quotations and citation omitted).

Defendant has asserted through Counsel that he did not knowingly enter into his plea and wishes to withdraw it. (Doc. 129 at 8.) However, both the transcript of his plea hearing and the text of his plea agreement make clear that Defendant understood and voluntarily waived his rights: to be charged and prosecuted by indictment, to plead not guilty, to have a trial by jury, to confront and cross-examine witnesses and to call witnesses to testify for the defense; and against compelled self-incrimination. (Doc. 107 at 1–2; Doc. 132 at 6–7.) Indeed, Defendant explicitly acknowledged that he had signed the forms waiving these rights freely, voluntarily, and without coercion. (Doc. 132 at 6–7.) Further, the Court explained the maximum possible penalties of the charges he faced as well as the penalties imposed by the agreement, allowing Defendant to weigh his options in an informed manner. (Doc. 132 at 8–13.) Finally, as required by Supreme Court precedent, Defendant acknowledged his understanding of the specific consequences his plea could have as a non-citizen. (Doc. 132 at 4, 7); *Padilla v. Kentucky*, 559 U.S. 356, 375 (2010). As such, there is ample evidence in the record that Defendant's plea was entered knowingly and voluntarily.

### iii.     *Effective Assistance of Counsel*

The Supreme Court has set forth a two-part test for evaluating the effective assistance of counsel in the context of a guilty plea. *Heard v. Addison*, 728 F.3d 1170, 1175–76 (10th Cir. 2013); *Miller v. Champion*, 161 F.3d 1249, 1253 (10th Cir. 1998). First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 688 (1984). "For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999). Second, a defendant must prove prejudice. Specifically, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Heard*, 728 F.3d at 1176 (citations omitted). "In the context of a plea agreement, prejudice means a 'reasonable probability' that the defendant 'would not have pleaded guilty and would have insisted on going to trial' but for counsel's errors." *Id*. (quoting *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985)).

Here, Defendant has not asserted in his motion that the assistance rendered by his counsel was ineffective. (Doc. 129 at 8.) On the contrary, he verbally acknowledged that he was "completely satisfied" with his attorney's representation. (Doc. 132 at 9.) More importantly, there is no evidence to suggest that counsel's representation fell below an objective standard of reasonableness. Given that Defendant was facing a mandatory minimum 20 years incarceration and a guideline imprisonment range of 324–405 months, counsel's advice that Defendant accept a plea agreement with a stipulated sentence of 15 years, two years of which would run concurrently with his state sentence appears sound. (*See* Docs. 107; 132 at

8–12.) Accordingly, Defendant received effective assistance of counsel and this factor weighs against allowing a withdrawal of Defendant's Plea.

As each of the factors concerning Defendant's reason for withdrawal weigh against him, the Court need not address the remaining factors concerning the burden on the Government or the Court in order to conclude that Defendant does not possess a fair and just reason to withdraw his accepted plea of guilty. *See Hamilton*, 510 F.3d at 1217.

V. **CONCLUSION**

For the foregoing reasons, the Court finds that Judge Vidmar possessed the authority to conduct Defendant's plea hearing and that the recitation of the plea colloquy rendered Defendant's guilty plea accepted for purposes of Rule 11. Further, Defendant did not present a fair and just reason for allowing him to withdraw his plea of guilty under Rule 11(d)(2).

**THEREFORE**

**IT IS ORDERED** that Defendant's Motion to Withdraw his Plea of Guilty. (Doc. 129) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**