# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                         2:16-cr-01601 RB-3

OSCAR GARCIA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Government's Motion to Reconsider this Court's Memorandum Opinion and Order (MOO) denying Defendant Oscar Garcia's Motion to Withdraw his Plea of Guilty. (*See* Doc. 135.) Having reviewed the accompanying briefing and being otherwise fully advised, the Court will deny the Motion.

### I. PROCEDURAL POSTURE

Defendant is facing multiple charges related to the trafficking of methamphetamine and money laundering. (*See* Docs. 3; 104.) On April 21, 2016, a grand jury returned an Indictment against Defendant, charging: in Count 1, Conspiracy to Possess with the Intent to Distribute 500 Grams and More of a Mixture and Substance Containing Methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), in violation of 21 U.S.C. § 846; in Count 7, Possession with Intent to Distribute 500 Grams and More of a Mixture and Substance Containing Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); in Count 8, Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h); and in Count 9, Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). (Doc. 3.)

On October 7, 2016, Defendant appeared before the Honorable Stephan Vidmar, United States Magistrate Judge, for a change of plea hearing. Defendant pled guilty to a two count Information charging in Count 1, Conspiracy to Possess with Intent to Distribute 500 Grams and More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and in Count 2, Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h). (Docs. 104; 132.) Judge Vidmar conducted Defendant's plea colloquy and accepted Defendant's plea of guilty as to these counts, but deferred final acceptance of the plea agreement to the District Judge. (Doc. 132 at 16.)

On July 12, 2017, Defendant filed a Motion to withdraw his plea of guilty. (Doc. 129.) The Government filed its response opposing the motion on July 26, 2017. (Doc. 133.) On August 22, 2017, the Court issued a MOO denying Defendant's motion on the basis that Judge Vidmar possessed the authority to conduct Defendant's plea hearing and that the plea colloquy rendered Defendant's guilty plea accepted for purposes of Rule 11. (Doc. 134.) On August 23, 2017, the Government filed a motion for reconsideration. (Doc. 135.)

II.   **FACTUAL ALLEGATIONS**

Prior to commencing this case, the Government conducted a three-month wiretap operation in cooperation with one of defendant's alleged co-conspirators. (Doc. 133 at 9, 16.) As a result of this investigation, the Government alleges that evidence establishes the following facts concerning the counts to which Defendant pled guilty:

As to Count One, the Government contends that from June 1, 2015, until May 19, 2016, in Luna County in the District of New Mexico and elsewhere, the defendant conspired with others to distribute methamphetamine. (Doc. 132 at 14.) During that timeframe, the defendant used a smuggled cell phone from his prison cell in Oklahoma and arranged for the distribution

of approximately 4.5 kilograms of a mixture and substance containing methamphetamine. (*Id*.) The methamphetamine was in fact distributed to others in Deming, New Mexico. (*Id*.)

As to Count Two, the Government contends that from February 8, 2016, until February 10, 2016, Defendant committed money laundering. (*Id*.) Specifically the Government alleges that during that timeframe, Defendant made arrangements for someone to travel from Arizona to Deming, New Mexico to pick up drug proceeds and to deliver the drug proceeds to a co-conspirator. (*Id*.) Mr. Garcia allegedly knew that the drug proceeds would travel across state lines and be paid to a drug trafficking co-conspirator with the intent to promote the carrying on of his illegal drug trafficking activities. (*Id*.)

### III.     LEGAL STANDARD: MOTION FOR RECONSIDERATION

Although the Federal Rules of Criminal Procedure do not include specific provisions for a motion to reconsider, the Tenth Circuit has allowed such motions under common law and considerations of judicial economy recognized in *United States v. Healy*, 376 U.S. 75 (1964). *See*, *e.g.*, *United States v. Corey*, 999 F.2d 493, 495 (10th Cir. 1993). "Courts have evaluated motions to reconsider in criminal cases under the same standards governing a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e)." *United States v. Sims*, 252 F. Supp. 2d 1255, 1260–61 (D.N.M. 2003). Consequently, the Court may grant reconsideration on any of the following grounds: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. *Id.*; *see also Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981). A motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). Stated differently, such motions are inappropriate if their purpose is merely to

3

compel the reviewing court to revisit issues already addressed or to present new arguments or supporting facts that could have been offered originally. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). "The decision to grant or deny a motion for reconsideration is committed to the reviewing court's sound discretion." *Sims*, 252 F. Supp. 2d at 1261 (citing *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988)).

IV. **ANALYSIS: MOTION TO RECONSIDER**

In this highly unusual situation, the Government as the prevailing party seeks reconsideration of this Court's MOO by attempting to undermine the very rationale the Government put forth in opposing Defendant's Motion. (Doc. 135.) Specifically, the Government now adopts Defendant's argument that, contrary to its cited Tenth Circuit precedent, the Magistrate Judge did not have the authority to accept Defendant's guilty plea and that, because the plea has not been accepted by a District Judge, Defendant may withdraw his guilty plea as a matter of right. (*Id.*) The addition of Rule 59 to the Federal Rules of Criminal Procedure is the sole basis upon which the Government contends that reconsideration is appropriate. (*Id.*)

Despite the peculiar nature of this case's procedural posture, the motion is subject to the same standard as any other reconsideration request. Under this standard, reconsideration is not an appropriate avenue to advance the Government's argument. First, Rule 59, on which the Government bases its argument, was not altered in any way between the issuance of this Court's MOO and the Government's motion, and thus does not constitute an intervening change in law. Further, the Government does not allege the existence of any new evidence and concedes that the Court's initial decision is consistent with current precedent and thus devoid of clear error. (Doc. 135 at 2.) Most importantly, the parties were given ample opportunity to

4

discuss in detail the issue of a Magistrate Judge's authority to accept Defendant's guilty plea. As noted, reconsideration motions are not a vehicle to revisit issues already addressed or to present new arguments that could have been offered originally. *Van Skiver*, 952 F.2d at 1243. Here, both parties addressed the issue of whether a magistrate judge possesses authority to accept a guilty plea and whether Defendant's plea was considered accepted for purposes of Rule 11. (S*ee* Docs. 129 at 3–7; 133 at 3–7.) After considering these arguments, the Court addressed this question, concluding that "Judge Vidmar possessed the authority to conduct Defendant's plea hearing and that the recitation of the plea colloquy rendered Defendant's guilty plea accepted for purposes of Rule 11." (Doc. 134 at 9.) Further, the Government had the opportunity to present its position of non-opposition to the motion originally and chose instead to rely on Tenth Circuit precedent to advance the position that Defendant's plea could not be withdrawn as a matter of right. (*See generally* Doc. 133.) Accordingly, the Government has failed to present a new or unaddressed issue to form a legitimate basis for reconsideration. *See Van Skiver*, 952 F.2d at 1243; *Voelkel*, 846 F. Supp. at 1483.

Notwithstanding the above, evaluation of the merits of the Government's unusual motion reveals no argument which would undermine the soundness of the MOO's rationale. In addressing the pertinent question of whether Article III allows a federal magistrate judge, with the consent of the parties, to accept a guilty plea on behalf of the District Court under Rule 11, the Court noted that "binding precedent from our Circuit has held explicitly that '[m]agistrate judges have the authority to conduct plea hearings and accept guilty pleas.'" (Doc. 134 at 5 (citing *United States v. Salas-Garcia*, 698 F.3d 1242, 1253 (10th Cir. 2012); *United States v. Ciapponi*, 77 F.3d 1247, 1251 (10th Cir. 1996) ("[W]e hold that, with a defendant's express consent, the broad residuary 'additional duties' clause of the Magistrates Act authorizes a

5

magistrate judge to conduct a Rule 11 felony plea proceeding, and such does not violate the defendant's constitutional rights"); *United States v. Gonzales*, No. CR 14-1760-003 RB, 2015 WL 12859404, at *3 (D.N.M. Apr. 13, 2015)).) The Court further explained that "the Tenth Circuit has held that a guilty plea is considered accepted by the District Court for purposes of Rule 11 following a plea colloquy, even if a magistrate judge defers a final decision on acceptance." (*Id.* (citing *Salas-Garcia*, 698 F.3d at 1253; *United States v. Byrum*, 567 F.3d 1255, 1262 (10th Cir. 2009); *United States v. Blattner*, 195 F. Supp. 3d 1205, 1234 (D.N.M. 2016)).) Applying this binding guidance to the facts of this case, the Court concluded that Defendant's guilty plea was accepted by the District Court for purposes of Rule 11 and withdrawal of this plea is not a matter of right, but must instead be supported by a fair and just reason. (*Id.*)

The Government explicitly acknowledged that "the current practice in this District of magistrate judges accepting guilty pleas is supported by, and consistent with, Tenth Circuit authority." (Doc. 135 at 2.) However, the Government now maintains that this Court need not apply this precedent, as these cases did not address Rule 59 of the Federal Rules of Criminal Procedure. (*Id.* at 1–2.)

The purpose of Rule 59 was to create explicit procedures for district judges to review magistrate judges' dispositive and non-dispositive decisions, similar to Federal Rule of Civil Procedure 72.[1] FED. R. CRIM. P. 59 advisory committee's note to 2005 adoption. However, this rule "does not attempt to define or otherwise catalog motions that may fall within either category"—dispositive or non-dispositive. *Id.* Instead, it leaves that task "to the case law." *Id.*

---

[1] The Court would like to acknowledge the work of Judge Laura Fashing, whose internal memo on Rule 59 greatly assisted with this analysis.

Of particular note, the committee specifically considered and rejected a proposal to "specifically identify felony guilty plea proceedings under Fed. R. Crim. P. 11 as case-dispositive" under Rule 59. *See* Magistrate Judges Committee Agenda for Dec. 2002, at 1 (attached as Ex. 1) (hereafter "MJC Agenda Dec. 2002"). The original proposed rule included "a felony guilty plea under Rule 11" under the list of "Dispositive Matters." *See id.*, Attachment I-5. However, the Magistrate Judges Committee expressed concern about this proposal, stating that:

> From its inception, the Federal Magistrates Act was intended to encourage district courts to be flexible and to experiment in referring matters to magistrate judges. The proposed rule arguably would be contrary to the intent and spirit of the Act in that it would prohibit the approach taken in New Mexico and approved by the Tenth Circuit of using magistrate judges to accept felony guilty pleas. It may be more appropriate to leave district courts with the flexibility and discretion to use magistrate judges to accept felony guilty pleas in different ways.

MJC Agenda Dec. 2002, at 9; *see also* Magistrate Judges Committee Agenda for June 2003, at 1–3 (attached as Ex. 2) (hereafter "MJC Agenda June 2003"). The Advisory Committee on Criminal Rules agreed with the Magistrate Judges Committee and voted in June 2003 to recommend a new Rule 59 that did not specify whether felony guilty plea proceedings were either dispositive or non-dispositive, acknowledging differing approaches to magistrate judge authority in this area and allowing circuits the flexibility to define the extent of this authority through case law. *See* MJC Agenda June 2003 at 2–3.[2]

---

[2] Moreover, no court, let alone the Tenth Circuit, has held that acceptance of guilty pleas prior to sentencing or entry of judgment are "dispositive" within the meaning of Rule 59. Indeed, the Tenth Circuit has reaffirmed *Ciapponi* several times. *See Salas-Garcia*, 698 F.3d at 1253; *see also United States v. Montano*, 472 F.3d 1202, 1204 (10th Cir. 2007); *United States v. Gilchrist*, 685 F. App'x 638, 642- 43 (10th Cir. 2017).

As *Ciapponi* and *Salas-Garcia* remain good law and specifically address a magistrate judge's authority regarding the acceptance of Rule 11 guilty pleas, (698 F.3d at 1253; 77 F.3d at 1251), this Court is required to affirm the holding of its August 22, 2017 MOO. *See, e.g.*, *S. Utah Wilderness All. & Nat. Res. Def. Council v. Bureau of Land Mgmt.*, No. 2:08CV64DAK, 2008 WL 5245492, at *2 (D. Utah Dec. 16, 2008) (Circuit decision which has not been overturned by the Supreme Court or an *en banc* panel remains binding precedent which a district court must follow).

V. **CONCLUSION**

For the foregoing reasons, the Court finds that a motion for reconsideration is an inappropriate vehicle to re-litigate questions already addressed by the original MOO and determines that the Government has not shown an intervening change in controlling law, new evidence, or a need to correct clear error or prevent manifest injustice.

**THEREFORE,**

**IT IS ORDERED** that the Government's Motion to Reconsider the MOO Denying Defendant's Motion to Withdraw his Plea of Guilty (Doc. 135) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**